**MLG, APLC**
Jonathan A. Michaels, Esq. – State Bar No. 180455
Ryan Jones, Esq. – State Bar No. 301138
151 Kalmus Drive, Suite A-102
Costa Mesa, CA 92626
T. (949) 581-6900
F. (949) 581-6908
(jmichaels@mlgaplc.com)
(rjones@mlgaplc.com)

Attorneys for Plaintiff,
James Cook

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JAMES COOK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC., a Colorado corporation; DOES 1 through 10, et. al<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DENIAL OF CIVIL RIGHTS OF A DISABLED PERSON IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**<br>2. **VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT; AND**<br>3. **NEGLIGENCE**<br><br><u>UNLIMITED CIVIL ACTION</u> |

**- <u>JURY TRIAL DEMANDED</u> -**

1

**COMPLAINT**

# INTRODUCTION

1. This is A Civil Rights action for discrimination against persons with physical disabilities, of which Plaintiff is a member of said class, for violation of the Americans with Disabilities Act and related state law addressing the Defendants' denial of participation in and provision of an unequal benefit of the services to patrons with disabilities. Plaintiff seeks damages for violations of civil rights and for damages flowing from such violations.

# THE PARTIES

2. At all times mentioned in this Complaint, Plaintiff James Cook is, and at all times mentioned in this complaint was, a California resident with physical disabilities.

3. At all times mentioned in this Complaint, Defendant Frontier Airlines, Inc., a Colorado corporation, is and at all times mentioned in this complaint was, a business residing at 4545 Airport Way, Denver, CO 80239.

# JURISDICTION

4. This is an action for injunctive relief and damages brought pursuant to the Americans with Disabilities Act of 1990, (42 USC § 2101 to 12213), specifically Title III of the ADA, as well as California Civil Code §§ 51 et seq.,).

5. This Court has jurisdiction of this action pursuant to 28 USC §1331 and 1343 for violations of the American Disabilities Act of 1990, 42 USC § 12101, et seq.

2
**COMPLAINT**

## STATEMENT OF OPERATIVE FACTS

6. On November 3, 2017, Plaintiff James Cook purchased a ticket with Frontier Airlines. Plaintiff is disabled and there was no option for special needs online, so he purchased a "bulkhead" ticket for an additional fee. Plaintiff's disability stems from an incident that caused permanent damage to his spine and after multiple surgeries he requires some wheelchair assistance.

7. On January 6, 2018, Plaintiff was assisted by a wheelchair attendant to the seat he previously booked without noticing his seat had changed on the boarding pass. When a flight attendant approached him and told him he was in the wrong seat, Plaintiff attempted to explain the situation and his need for accommodation. Despite Plaintiff's efforts to show the flight attendant the documents that support his status as a disabled individual, she enlisted the captain who instructed the wheelchair attendant to tell Plaintiff to change seats or that he would be physically escorted off the plane.

8. Plaintiff succumbed to the demands of the Defendants agents to change seats and was escorted to a seat near the back of the plane. Plaintiff endured a tremendous amount of pain for the entire flight and when Plaintiff arrived at his destination, his physical disability had been exacerbated by the position of his seat and Plaintiff was in a state of mental emotional distress.

9. After a subsequent visit to his medical specialist, Plaintiff was informed his spinal injury was in a worsened condition.

10. As a result of the actions and failure to act of defendant and as a result of the failure to provide appropriate handicapped accommodations—

accommodations Plaintiff paid a premium for—Plaintiff suffered and will suffer a loss of his civil rights to full and equal access to public facilities, and further suffered and will suffer emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with a physical disability being denied access to a public accommodation, all to his damages as prayed hereinafter in an amount over the jurisdictional minimum of this court.

# FIRST CAUSE OF ACTION
# VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
# (42SC § 12101 ET SEQ.)

11. Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

12. Pursuant to law, in 1990 the United States Congress made findings per 42 USC § 12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the

opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

13. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 USC § 12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that Federal government plays a central role in enforcing standards established in this Act on behalf of individuals with disabilities, and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

14. Pursuant to 42 USC § 12182:

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of accommodation"

15. Among the general prohibitions against discrimination were included in 42 USC §12182(b)(1)(A)(i):

> Denial of participation. It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such an individual or class, directly, or through contractual licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit form the goods, services, facilities, privileges, advantages, or accommodations of an entity.

16. Among the general prohibitions against discrimination were included in 42 USC §12182(b)(1):

> Association—It shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

17. The acts of Defendant set forth herein were a violation of Plaintiff's right s under ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36 et seq.

18. Among the general prohibitions against discrimination were included in 42 USC § 12182(b)(2)(A)(i) and 42 USC § 12182(b)(2)(A)(ii):

> Discrimination. For purposes of subsection (a), discrimination includes:
>
> (1) The imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or

> any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (2) A failure to make a reasonable modification in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

19. Plaintiff alleges that Defendant failed to make the necessary accommodations or any reasonable modification to eliminate disparate and discriminatory treatment of Plaintiff for full and equal enjoyment of Defendant's services as that enjoyed by other people.

20. The specific prohibition against retaliation and coercion is included in the Americans With Disabilities Act of 1990 § 503(b) and the Remedies and Procedures in § 503(c):

> (b) Interference, Coercion, or Intimidation.- It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act.

> (c) Remedies and Procedure- The remedies and procedures available under sections 107, 203, and 308 of this Act shall be available to aggrieved persons for violations of subsections (a) and (b), with respect to Title I, Title II and Title III, respectively.

21. Pursuant to the Americans with Disabilities Act of 1990, §308 (42 USC § 12188 et seq.), Plaintiff is entitled to the remedies and procedures set forth in the Civil Rights Act of 1964 §204(a), (42 USC § 2000a-3(a)), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title and/or Plaintiff has reasonable grounds for believing that he is about to be subjected to discrimination in violation of Americans With Disabilities Act of 1990 §302. Plaintiff cannot return to or make use of the public facilities complained of herein for the purpose of entry and provision of goods and service so long as Defendants continue to apply eligibility criteria, policies, practices, and procedures to screen out and refuse to allow entry and service to persons with disabilities such as Plaintiff.

22. Defendants', and each of their acts and omissions of failing to provide barrier free handicapped access for Plaintiff, were tantamount to interference, coercion or intimidation pursuant to Americans With Disabilities Act of 1990 §503(b) (now 42 USC § 12203):

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having encouraged any other individual in the exercise or enjoyment of, any right granted or protected by his Act.

23. Per Americans With Disabilities Act of 1990 § 308(a)(1) (now 42 USC § 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, Plaintiff, on information and belief, alleges that Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to accommodations and/or reasonable modifications for full and equal enjoyment of Defendants' services.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

24. Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

25. California Disabled Persons Act (herein "CDPA") Ca. Civ. Code § 54 (c) provides that a violation of an individual's rights under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section.

## THIRD CAUSE OF ACTION
## NEGLIGENCE

26. Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

**COMPLAINT**

27. The Defendants had a general duty and duty arising under the Americans with Disabilities Act and California Disabled Act to provide safe, convenient, and accessible features to the Plaintiff. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**WHEREFORE,** Plaintiff James Cook prays for:

1. Statutory and "actual" damages, including general damages and special damages, according to proof at trial above the jurisdictional minimum of this Court for all causes of action;

2. Remedies and Procedures available under Americans with Disabilities Act of 1990 §§ 107, 203 and 308;

3. Award Plaintiff all litigation expenses, all costs of this proceeding and all reasonable attorneys' fees as provided by law, including but not limited to, those recoverable pursuant to the provisions of California Civil Code §§ 52, 54.3, and 55, California Code of Civil Procedure § 1021.5, and Americans with Disabilities Act of 1990 §308 of Title III; and

4. Grant such other and further relief as the court may deem just and proper.

**MLG, APLC**

Dated: May 31, 2019      By: *Jonathan A. Michaels*
                              Jonathan A. Michaels, Esq.
                              Ryan Jones, Esq.
                              Attorneys for Plaintiff,
                              James Cook