Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for Defendant
FRONTIER AIRLINES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES COOK, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FRONTIER AIRLINES, INC., a Colorado Corporation; DOES 1 through 10, et al.,<br><br>　　　　Defendants. | Case No.: 2:19-cv-04783<br><br>**FRONTIER AIRLINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

　　　　Defendant Frontier Airlines, Inc. (hereinafter, "Frontier"), by and through its attorneys of record at Victor Rane Group, responds to plaintiff James Cook's (hereinafter, "plaintiff") complaint as follows:

<u>AS TO INTRODUCTION</u>

　　1.　　Frontier denies the allegations in paragraph 1 of plaintiff's complaint.

<u>AS TO THE PARTIES</u>

　　2.　　Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 plaintiff's complaint.

　　3.　　Frontier denies the allegations in paragraph 3 of plaintiff's complaint,

1  except Frontier admits that it is a corporation organized and existing under the laws
2  of the state of Delaware, with its principal place of business located in Denver,
3  Colorado.

## AS TO JURISDICTION

5    4.   Frontier denies the allegations in paragraphs 4 and 5 of plaintiff's
6  complaint.

## AS TO STATEMENT OF OPERATIVE FACTS

8    5.   Frontier is without knowledge or information sufficient to form belief
9  as to the truth of the allegations contained in paragraphs 6, 7, 8, and 9 of plaintiff's
10 complaint, and on that basis denies the allegations, except Frontier admits that
11 plaintiff was a ticketed passenger on Frontier Flight F9 1517 on January 6, 2018.
12   6.   Frontier denies the allegations in paragraph 10 of plaintiff's
13 complaint.

## AS TO THE FIRST CAUSE OF ACTION
## ("VIOLATION OF THE AMERICANS WITH
## DISABILITIES ACT OF 1990")

17   7.   In response to the allegations in paragraph 11 of plaintiff's complaint,
18 Frontier repeats, reiterates, and re-alleges each and every answer contained in
19 paragraphs 1 through 6, inclusive, of this answer with the same force and effect as
20 if set forth herein in full.
21   8.   Paragraphs 12, 13, 14, 15, 16, 18, and 20 do not contain any
22 allegations against Frontier, and accordingly no response by Frontier is required.
23 To the extent a response is deemed required, Frontier denies the allegations in
24 paragraphs 12, 13, 14, 15, 16, 18, and 20 of plaintiff's complaint.
25   9.   Frontier denies the allegations in paragraphs 17, 19, 21, 22, and 23 of
26 plaintiff's complaint.
27 / /
28 / /

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

## AS TO THE SECOND CAUSE OF ACTION
## ("VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT")

10. In response to the allegations in paragraph 24 of plaintiff's complaint, Frontier repeats, reiterates, and re-alleges each and every answer contained in paragraphs 1 through 9, inclusive, of this answer with the same force and effect as if set forth herein in full.

11. Frontier denies the allegations in paragraph 25 of plaintiff's complaint.

## AS TO THE THIRD CAUSE OF ACTION
## ("NEGLIGENCE")

12. In response to the allegations in paragraph 26 of plaintiff's complaint, Frontier repeats, reiterates, and re-alleges each and every answer contained in paragraphs 1 through 11, inclusive, of this answer with the same force and effect as if set forth herein in full.

13. Frontier denies the allegations in paragraph 27 of plaintiff's complaint.

## AS TO PLAINTIFF'S PRAYER

14. Frontier denies the allegations in paragraphs 1, 2, 3, and 4 of plaintiff's prayer for relief.

## **AFFIRMATIVE DEFENSES**
## FIRST AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

15. Plaintiff's complaint is barred on the grounds that it fails to state a claim upon which relief can be granted.

/ /

/ /

/ /

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

FRONTIER AIRLINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO.: 2:19-CV-04783
- 3 -

## SECOND AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

16. Plaintiff's claims and alleged damages are limited, excluded and/or preempted by federal law, including the Federal Aviation Act of 1958, as amended (Pub. L. No. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 *et seq.*, now recodified and incorporated into 49 U.S.C. § 40101 *et seq.*), and the provisions of the corresponding regulations promulgated by the Federal Aviation Administration.

## THIRD AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

17. Plaintiff's claims and alleged damages are further limited, excluded and/or preempted by federal law, including the Airline Deregulation Act of 1978, Pub. L. No. 95-504, 92 Stat. 1705 (codified as amended at 49 U.S.C. §§ 40101-44310 (1994)).

## FOURTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

18. Plaintiff's complaint and each and every cause of action alleged in plaintiff's complaint are barred, in whole or in part, because Frontier's conduct was in conformity with and was pursuant to statutes, governmental regulations and industry standards based upon the knowledge existing at the time of such conduct.

## FIFTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

19. Frontier's liability, if any, with respect to plaintiff's alleged damages is further limited or excluded in accordance with its conditions of carriage, conditions of contract and tariffs.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

FRONTIER AIRLINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO.: 2:19-CV-04783
- 4 -

## SIXTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

20. The incident alleged in the complaint, and the injuries and damages plaintiff alleges were sustained, were caused by intervening and superseding causes and were not proximately caused by any act or omission on the part of Frontier.

## SEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

21. Any and all events and occurrences, injuries and damages, if any, alleged in the complaint, were proximately caused and contributed to by the negligence and fault of the plaintiff, in that plaintiff did not exercise ordinary care on his own behalf at the times and places referred to, and therefore, is completely barred from recovery or, in the alternative, said acts of plaintiff reduce plaintiff's right to recover herein by that percentage of negligence to plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

22. The incident alleged in plaintiff's complaint, and the damages plaintiff allegedly sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than Frontier; however, in the event that a finding is made that negligence exists on the part of Frontier, which proximately contributed to the damages alleged in plaintiff's complaint, Frontier's liability, if any, should be reduced by an amount proportionate to the amount by which the comparative negligence of such other persons or entities contributed to the happening of the alleged incident and the damages upon which plaintiff seeks recovery.

/ /

/ /

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

FRONTIER AIRLINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO.: 2:19-CV-04783
- 5 -

## NINTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

23. Plaintiff's damages, if any, are due to the acts or omissions of persons or entities other than Frontier; however, in the event a finding is made that liability exists on the part of Frontier, Frontier is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

## TENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

24. At all times mentioned in the complaint, plaintiff having actual knowledge of all of the circumstances and particular dangers and an appreciation of the risks involved, if any, and the magnitude thereof, proceeded to encounter a known risk, and voluntarily assumed the risks of the injury and damages alleged in the complaint, if any, barring or reducing plaintiff's claim for damages herein.

## ELEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

25. Plaintiff's damages, if any, should be barred or limited as a result of the failure of plaintiff to take reasonable steps to mitigate his damages.

## TWELFTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

26. If plaintiff has received remuneration or compensation for some or all of his claimed economic losses, Frontier is entitled to have plaintiff's awards, if any, reduced by the amount of said remuneration or compensation.

/ /
/ /
/ /

# THIRTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

27. Pursuant to the provisions of California Civil Code § 1431.2, Frontier's liability, if any, for plaintiff's alleged non-economic damages shall be several only and not joint, and Frontier shall be liable only for the amount of non-economic damages allocated to it in direct proportion to its percentage of fault.

WHEREFORE, Frontier prays for judgment as follows:

1. That plaintiffs take nothing by reason of his Complaint;
2. That Frontier be awarded costs of suit incurred herein; and
3. For such other and further relief as the court deems just and proper.

Dated: July 1, 2019                              Respectfully submitted,


By: /s/ Richard A. Lazenby
    Richard A. Lazenby
    Michael Cutler
    VICTOR RANE
    Attorneys for Defendant
    FRONTIER AIRLINES, INC.