**MLG, APLC**
Jonathan A. Michaels, Esq. (State Bar No. 180455)
Ryan Jones, Esq. (State Bar No. 301138)
151 Kalmus Drive, Suite A-102
Costa Mesa, CA 92626
T. (949) 581-6900
F. (949) 581-6908
(jmichaels@mlgaplc.com)
(rjones@mlgaplc.com)

Attorneys for Plaintiff
JAMES COOK

Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
**VICTOR RANE**
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for Defendant
FRONTIER AIRLINES, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JAMES COOK, an individual, <br><br> Plaintiff, <br><br> v. <br><br> FRONTIER AIRLINES, INC., a Colorado corporation; DOES 1 through 10, et. al <br><br> Defendants. | Case No.: 2:19-cv-04783-MWF-MAA <br><br> **JOINT RULE 26(F) REPORT** <br><br> [FRCP 16(b) and 26(f)] <br><br> Date:       October 21, 2019 <br> Times:     9:00 a.m. <br> Courtroom: 5A |

1

**JOINT RULE 26(F) REPORT**

Pursuant to the Court's July 7, 2019 Order Setting Scheduling Conference, Plaintiff James Cook ("Plaintiff") and Defendant Frontier Airlines, Inc. ("Frontier"), collectively the "Parties," submit this Rule 26(f) Joint Report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure. Counsel met and conferred telephonically for the respective Parties on September 30, 2019, Ryan D. Jones for the Plaintiff, and Michael Cutler for Frontier.

a. **Statement of the Case:**

Plaintiff's Position:

This is A Civil Rights action for discrimination against persons with physical disabilities, of which Plaintiff is a member of said class, for violation of the Americans with Disabilities Act and related state law addressing the Defendants' denial of participation in and provision of an unequal benefit of the services to patrons with disabilities.

On November 3, 2017, Plaintiff James Cook purchased a ticket with Frontier Airlines. Plaintiff is disabled and there was no option for special needs online, so he purchased a "bulkhead" ticket for an additional fee. Plaintiff's disability stems from an incident that caused permanent damage to his spine and after multiple surgeries he requires some wheelchair assistance.

On January 6, 2018, Plaintiff was assisted by a wheelchair attendant to the seat he previously booked without noticing his seat had changed on the boarding pass. When a flight attendant approached him and told him he was in the wrong seat, Plaintiff attempted to explain the situation and his need for accommodation. Despite Plaintiff's efforts to show the flight attendant the documents that support his status as a disabled individual, she enlisted the captain who instructed the wheelchair attendant to tell Plaintiff to change seats or that he would be physically escorted off the plane.

Plaintiff succumbed to the demands of the Defendants agents to change seats and was escorted to a seat near the back of the plane. Plaintiff endured a tremendous amount of pain for the entire flight and when Plaintiff arrived at his destination, his physical disability had been exacerbated by the position of his seat and Plaintiff was in a state of mental emotional distress. After a subsequent visit to his medical specialist, Plaintiff was informed his spinal injury was in a worsened condition.

As a result of the actions and failure to act of defendant and as a result of the failure to provide appropriate handicapped accommodations—accommodations Plaintiff paid a premium for—Plaintiff suffered and will suffer a loss of his civil rights to full and equal access to public facilities, and further suffered and will suffer emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with a physical disability being denied access to a public accommodation, all to his damages as prayed hereinafter in an amount over the jurisdictional minimum of this court.

<u>Frontier's Position</u>:

Frontier disputes plaintiff's legal and factual allegations, and plaintiff's damages.

**b.  <u>Subject Matter Jurisdiction:</u>**

<u>Plaintiff's Position</u>:

This is a civil action over which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and 1343 for violations of the American Disabilities Act of 1990, 42 USC § 12101, et seq. Additionally, the Court has jurisdiction under the provision 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs.

Frontier's Position:

Frontier submits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 on the grounds of diversity of citizenship between the parties and amount in controversy that exceeds $75,000, exclusive of interest and costs.

### c. Legal Issues:

The Parties do not believe that there are any unusual legal issues that will be presented by this case. Furthermore, the Parties do not anticipate any requests for severance, bifurcation or other ordering of proof.

Plaintiff's Position:

This is a breach of the Americans with Disabilities Act. Plaintiff contends Defendant failed to comply with the ADA. Further legal issues may arise as investigation and discovery continue.

Frontier's Position:

Frontier disputes the applicability of the Americans with Disabilities Act to the subject action.

### d. Parties, Evidence, etc.:

**Parties:**

Plaintiff James Cook

Defendant Frontier

**Percipient Witnesses:**

James Cook

Deborah Cook

**Key Documents:**

The parties identify plaintiff's medical records, plane ticket, videos, pictures, and other materials related to the purchase of the flight, and the facts and circumstances surrounding the incident.

### e. Damages:

Plaintiff's Position:

Plaintiff seeks all remedies and procedures available under Americans with Disabilities Act of 1990 §§ 107, 203 and 308.  Plaintiff is seeking all litigation expenses, all costs of this proceeding and all reasonable attorneys' fees as provided by law, including but not limited to, those recoverable pursuant to the provisions of California Civil Code §§ 52, 54.3, and 55, California Code of Civil Procedure § 1021.5, and Americans with Disabilities Act of 1990 §308 of Title III.  Plaintiff is also seeking compensatory damages for the injuries sustained as a direct result of Defendant's negligence and violation of the ADA.

Frontier's Position:

Frontier disputes plaintiff's legal and factual assertions, and plaintiff's alleged damages.

### f. Insurance:

Plaintiff's Position:

Plaintiff does not have insurance to cover the damages incurred in this Action.

Frontier's Position:

Frontier has sufficient liability insurance to satisfy any judgment which may be entered against it in this action.

### g. Motions:

There are no parties for which service is outstanding. Further, the Parties do not anticipate any motions to add parties or claims, file amended pleadings or transfer venue. The Parties do not anticipate any interventions. There are no prior or pending motions.

Plaintiff's Position:

Notwithstanding, plaintiff requests that the last day to move to add new parties or file amended pleadings be March 8, 2020.

Frontier's Position:

Frontier proposes that the last day to move to add new parties or file amended pleadings be January 6, 2020.

### h. Manual for Complex Litigation:

The parties agree that the procedures of the Manual for Complex Litigation should not be utilized.

### i. Status of Discovery:

The parties are ready to commence formal discovery in this action.

### j. Discovery Plan:

The Parties propose that Initial Disclosures pursuant to the Federal Rules of Civil Procedure, Rule 26(a) be made by October 14, 2019. The Parties intend to serve written discovery, including interrogatories, requests for production and requests for admissions. The parties intend to engage in third party discovery as necessary.

Plaintiff intends to take the depositions of Defendant's persons most knowledgeable of the incident as well as any percipient witnesses identified by Defendant in written discovery.

Frontier intends to take the depositions of Plaintiff and potential relevant third parties.

The Parties do not believe the Court should issue any order concerning the phases of discovery. The Parties do not believe discovery should be limited to or focused on any particular issue.

### k. Discovery Cut-off:

The Parties request a non-expert discovery cut-off date as indicated in Exhibit A.

### l. Expert Discovery:

The parties request expert discovery deadlines as indicated in Exhibit A. The Parties agree that subpoenas will not be required for depositions of retained experts and a notice to the designating party will be sufficient.

### m. Dispositive Motions:

The parties reserve the right to file dispositive motion(s). The Parties request the last day for hearing dispositive motions be as stated in Exhibit A.

### n. Settlement/Alternative Dispute Resolution (ADR):

Plaintiff's Position:

Plaintiff intends to begin initial settlement discussions to determine whether or not the matter may be resolved prior to extensive discovery. Should this matter not resolve in the next 30 days, Plaintiff intend to conduct written and deposition

.

discovery in order to maximize settlement prospects. After that, plaintiff intends to propose that the Parties participate in alternative dispute resolution.

Frontier's Position:

Frontier's position is that settlement discussions would be premature at this time.

**o. Trial Estimate:**

Plaintiff requests a trial by jury. The parties anticipate a 3 to 5 day jury trial. Plaintiff will likely call 2 to 3 witnesses. Defendant may call 3 to 5 witnesses. Discovery is ongoing, and the Parties reserve the right to supplement this section as needed. The Parties further agree to revisit the issue of trial length at the Final Pre-Trial Conference.

**p. Trial Counsel:**

Jonathan Michaels, Esq. of MLG, APLC will act as lead trial counsel for Plaintiff. Richard Lazenby of Victor Rane will act as lead trial counsel for Frontier.

The Parties confirm that their lead trial counsel are registered as "ECF Users." Mr. Michaels' email address of record is jmichaels@mlgaplc.com; Mr. Lazenby's email address of record is rlazenby@victorrane.com.

**q. Independent Expert or Master:**

The Court should not consider the appointment of a master pursuant to Rule 53 or an independent scientific expert.

**r. Timetable:**

*See* Exhibit A.

    **s. Other Issues:**

The parties submit that there are no additional issues that require the Court's attention at this time.

Dated: October 7, 2019                           Respectfully submitted,

By:   */s/Michael Cutler*
Richard A. Lazenby
Michael Cutler
VICTOR RANE
Attorneys for Defendant
FRONTIER AIRLINES, INC

Dated: October 7, 2019           By:   */s/Jonathan Michaels*
Jonathan A. Michaels, Esq.
Ryan Jones, Esq.
MLG, APLC
Attorneys for Plaintiff,
James Cook

9

**JOINT RULE 26(F) REPORT**

<s>
